# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **XIAO MA**, | * |
| Plaintiff, | * |
| v. | * Civil No. 1:15-cv-01059–RDB |
| **CAERVISION CORPORATION, et al.**, | * |
| Defendants. | * |

## MOTION FOR DEFAULT JUDGMENT

Pursuant to F.R.C.P. 55(b), Plaintiff Xiao Ma ("Plaintiff"), by and through undersigned counsel, hereby files this Motion for Default Judgment ("Motion for Default Judgment"), stating as follows:

1. Plaintiff invested $500,000 in Defendants' business ventures.

2. In September 2013, Plaintiff demanded the return on his $500,000 investment.

3. On or about November 22, 2013, Defendants executed a written agreement where Defendants agreed to re-pay Plaintiff his $500,000 by or before April 28, 2014, in exchange for Plaintiff returning his 41% interest in the venture.

4. On or about June 3, 2014, the parties executed an amendment whereby the deadline for total repayment to Plaintiff was extended to December 1, 2014.

5. Defendants have paid Plaintiff a total of $400,000.00. However, Defendants have failed and/or refused to repay the remaining $100,000 due and owing to Plaintiff.

6. Accordingly, on April 13, 2015, Plaintiff filed his Complaint in this Court.

7. Due to difficulties serving Defendants, Plaintiff filed a Motion for Alternative Service

on or about August 10, 2015. On or about September 29, 2015, this Court granted Plaintiff's Motion for Alternative Service.

8. Per that September 29th Order, Plaintiff was permitted to serve Defendants via first-class mail to Defendants' respective business addresses (or, "alternatively", by publication). Plaintiff effected service in such manner on October 1, 2015. Furthermore, on September 26, 2015, Plaintiff was also able to serve Defendants' CEO (Jack Zhang) personally through a process server at Mr. Zhang's residence located at 3029 Averley Road, Ijamsville, MD 21754.

9. Pursuant to FRCP 12, Defendants had 21 days from service (i.e., 21 days from October 1, 2015, at the latest) to file a responsive pleading, however, Defendants failed to do so.

10. Accordingly, on November 3, 2015, Plaintiff filed a Motion for Clerk's Entry of Order of Default against all Defendants. On November 4, 2015, the Clerk entered an Order of Default against all Defendants.

11. Plaintiff's claim is for a sum certain and/or a sum that can be made certain by computation, that amount being $100,000 in principal, plus $5,000 in late fees at rate of 5% (per Paragraph 14 of Complaint), plus attorneys' fees/costs of $6,307.86 (per Paragraph 14 of Complaint and invoices attached hereto as Exhibit A), plus pre-judgment interest of $5,744.52 at the legal rate of 6%[1] (per the Interest Worksheet, attached hereto as Exhibit B), for a total sum certain due and owing of $117,052.36. Plaintiff's Complaint was filed under Affidavit (attached to Plaintiff's

---

[1] *See* Md. Cost. Art. III §57 ("setting legal rate of interest at 6%); *Imgarten v. Bellboy Corp.,* 383 F. Supp. 2d 825, 847 (D. Md. 2005) (noting that pre-judgment interest is available "as a matter of right" when the amount due is a sum certain at the time of judgment); *Crystal v. West & Callahan, Inc.*, 328 Md. 318, 342 (1992) (noting that in absence of provision to the contrary that the legal rate of interest is 6%); *See also* Para. 17 of Exhibit A to Complaint (establishing Maryland law as applicable jurisdictional law).

Complaint as Exhibit C and re-attached hereto as Exhibit C).

12. Defendants are corporations/LLC's and therefore not minors, incompetent, nor could they serve in the military.

13. Since an Order of Default was entered against Defendants under Rule 55(a), the substantive allegations of Plaintiff's Complaint as to Defendants' liability are deemed admitted and no hearing is required. *See e.g., U.S. v. Vardoulakis,* 2010 U.S. Dist. LEXIS 130327 at *8 (D. Md. December 9, 2010) ("In determining whether to award a default judgment, the Court will take as true the well-pleaded factual allegations in the complaint ..."); *Maloney v. Disciples Ltd., LLC*, 2007 U.S. Dist. LEXIS 36726 at *3 (M.D.N.C. May 8, 2007) ("Upon default, the well-pleaded allegations of the complaint are taken as true ..."); *See also Laborers' District Council Pension*, 2010 U.S. Dist. LEXIS 38049 at *8 (holding that Court may enter default judgment and "award damages without a hearing if the record supports the damages requested"); *DirecTC, Inc.*, 2005 U.S. Dist. LEXIS 32601 at *5 (finding that no hearing is necessary prior to entering default judgment against defendant since plaintiff "has presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"); *Maloney*, 2007 U.S. Dist. LEXIS 36726 at *4 ("Courts have broad discretion to determine whether a hearing is necessary and proper and where the court possess an adequate basis on which to enter a damaged award, it need not conduct a hearing ... [C]ourts have found that it is not necessary to conduct a hearing and that damages may be determined by way of affidavit and other documentary evidence" in cases involving monies claimed under loan notes); *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F. 3d 922, 929 (9th Cir. 2004) (holding that district court clerk had authority under Rule 55(b)(1) to enter default judgment for "sum certain" where plaintiff "presented the clerk with loan documents that set forth the specific formulas for determining

the amount owed" and defendant failed to rebut such evidence with "specifics").

## **CONCLUSION**

For all the reasons set forth above, pursuant to Rule 55(b), Plaintiff respectfully requests that the Court enter a default judgment in Plaintiff's favor against Defendants CaerVision Corporation (Note: "CaerVision" is the correct spelling, not "CareVision"), CTCI, LLC, and AA Medica, LLC, jointly and severally, in the amount of $117,052.35 plus court costs.

Respectfully submitted,

\_\_\_/s/_____
Brian M. Maul, Fed. Bar No. 28198
The Law Office of Brian M. Maul, LLC
47 E. South Street, Suite 401
Frederick, Maryland 21701
301-378-2569
brian@bmaullaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 4, 2015, a copy of Plaintiff's Motion for Default Judgment, which was electronically filed in this case on November 4, 2015, was mailed via first-class mail, postage prepaid, to:

**CAERVISION CORPORATION**
c/o Jack Zhang
4539 Metropolitan Court
Suite 289
Frederick, Maryland 21701

**CTCI, LLC**
c/o Jack Zhang
1 Pasquerilla Plaza, Suite 120
Johnstown, Pennsylvania 15901


**AA MEDICA, LLC**
c/o Jack Zhang
1 Pasquerilla Plaza, Suite 120
Johnstown, Pennsylvania 15901

                                                     _____/s/_____
                                                     Brian M. Maul, Bar No. 28198