IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| XIAO MA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. RDB-15-1059 |
| CAERVISION CORP., *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

In November of 2013, Plaintiff Xiao Ma ("Plaintiff" or "Ma") executed a written agreement with Defendants CaerVision Corporation; CTCI, LLC; and AA Medica, LLC (collectively "Defendants") wherein CaerVision agreed to re-pay a sum of $500,000 that Ma had previously invested in its business ventures.[1] *See* Pl.'s Compl., Ex. A, ECF No. 1-1. In exchange, Ma agreed to return his 41% equity position in those ventures. The parties subsequently extended the repayment deadline to December 1, 2014. *See* Pl.'s Compl., Ex. B, ECF No. 1-2. Ma alleges that, as of November 25, 2015, CaerVision had only returned $400,000 of the agreed $500,000. Therefore, seeking to recover the remainder, Ma filed the

---

[1] According to this written agreement, AA Medica, LLC is a joint venture of CTCI, LLC, which is in turn a subsidiary of CaerVision Corporation. Ma invested in AA Medica. *See* Pl.'s Compl., Ex. A, ECF No. 1-1. Defendants contend in their proposed Answer to Plaintiff's Complaint that "Plaintiff's Complaint is barred, in whole or in part, because [the Defendants did not all] sign the Agreement(s) at issue." *See* Mot. to Set Aside, Ex. A, ECF No. 18-1. The signature of Jack Zhang, CEO of CaerVision, appears on the initial written agreement beneath the words "AA MEDICA LLC". *See* Pl.'s Compl., Ex. A, ECF No. 1-1. In a subsequent agreement to extend the repayment deadline, Mr. Zhang's name appears below the words "AA MEDICA LLC by CTCI, LLC, Member". *See* Pl.'s Compl., Ex. B, ECF No. 1-2. Defendants fail to explain why they should not be bound by these signatures. Additionally, they have already paid Ma $400,000, pursuant to these agreements.

1

present lawsuit, alleging breach of contract, on April 13, 2015. *See* Pl.'s Compl., ECF No. 1. CaerVision did not waive service of process in accordance with Rule 4 of the Federal Rules of Civil Procedure. Subsequently, Ma filed a Motion for Alternative Service in August of 2015 (ECF No. 5), which this Court granted via Order dated September 29, 2015. *See* Order, ECF No. 6. Plaintiff effected alternative service on October 1, 2015, *see* Aff. of Service, ECF No. 11, but Defendants did not file responsive pleadings within the twenty-one day deadline under Rule 12 of the Federal Rules of Civil Procedure. Accordingly, on November 3, 2015, Ma filed a Motion for Clerk's Entry of Order of Default against all Defendants. (ECF No. 14). That motion was granted, and default was entered against all Defendants. *See* Entry of Default, ECF No. 15. Ma subsequently filed a Motion for Default Judgment (ECF No. 16) against all Defendants for the sum of $117,052.35, the balance owed under their agreement plus interest and costs (ECF No. 16). Defendants still did not respond, and Default Judgment was entered against all Defendants. *See* Default J., ECF No. 17.

Currently pending in this Court are Defendants' Motions to Set Aside Default Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (ECF Nos. 18, 19, 20).[2] Defendants seek to vacate the default judgment entered against them, arguing inadvertence and excusable neglect. Mots. to Set Aside at ¶ 3, ECF Nos. 18, 19, 20.  Plaintiff opposes these motions. *See* Pl.'s Opp'n, ECF No. 21.  The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated herein, Defendants' Motions to Set Aside Default (ECF Nos. 18, 19, 20) are DENIED.

---

[2] Although Defendants have filed three separate Motions, they raise identical arguments.

## STANDARD OF REVIEW

To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Ruston v. Holder*, 544 Fed. App'x 215 (4th Cir. 2013) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). Once these threshold requirements are met, the moving party must then show either: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefor to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). Although this Court strongly prefers to avoid defaults and to adjudicate claims on their merits, Rule 60(b) motions impose a more onerous burden on the moving party because these motions request relief from judgments, implicating interests in "finality and repose." *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010) (quoting *United States v. Moradi*, 673 F.3d 725, 727-28 (4th Cir. 1982)). A Rule 60(b) motion is an "extraordinary remedy", only to be granted in "exceptional circumstances." *See Mayfield v. National Ass'n for Stock Auto Car Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012); *Wilson v. Thompson*, 138 Fed. App'x 556, 557 (4th Cir.

2005); *Bell v. United States*, No. RDB-12-3042, 2015 WL 4561837, at *2 (D. Md. July 27, 2015). The decision to grant or to deny a Rule 60(b) motion is a matter of the District Court's discretion. *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973) ("When a Rule 60(b)(1) motion is made, the District Court denies or grants relief based on its discretionary appraisal of the particular facts of the case").

ANALYSIS

A. Defendants' Motions are Timely

Parties moving under Rule 60(b)(1)[3] must file within a reasonable time and within one year of the entry of judgment. Fed. R. Civ. P. 60(c). Despite their earlier continued failure to respond to this action, Defendants did file their Rule 60(b) motions ten days after the entry of default judgment. Plaintiffs do not contest the timeliness of Defendants' motions, and more belated filings have been held to be timely. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (explaining that there is "no question" that a Rule 60(b) motion filed within five months of the date of default judgment and within fifteen days of the defendant's discovery of that judgment was timely).

B. Granting Defendants' Motions Would Not Unfairly Prejudice the Plaintiff

A finding of unfair prejudice requires harms beyond those that inevitably result whenever a judgment is vacated. *See Westlake Legal Group v. Yelp, Inc.*, 599 Fed. App'x 481, 484 (4th Cir. 2015). Here, Plaintiff complains of litigation expenses he has incurred, and the

---

[3] Although they are not specifically styled as Motions to Vacate under Rule 60(b)(1), this Court will construe Defendants' Motions as seeking relief under Rule 60(b)(1). Defendants invoke Rule 60(b) and seek relief from default judgment due to "inadvertence and excusable neglect." Mot. to Set Aside at ¶ 3, ECF Nos. 18, 19, 20. Rule 60(b)(1) provides grounds for relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

future costs he will incur if this Court vacates the judgment. Such expenses are inevitable whenever a judgment is vacated. They are not unfairly prejudicial.

C. Defendants Have Failed to Show that They Possess a Meritorious Defense

To establish a meritorious defense, the moving party must proffer some evidence "which would permit a finding for the defaulting party or which would establish a valid counterclaim". *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988). Conclusive proof is not required; affidavits will do. *Id.* Movants, however, must do more than "allege in a conclusory fashion" that they possess a meritorious defense. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). In this case, Defendants hint at a potential defense, but do not present evidence of any kind to support it.[4]  Despite having repaid $400,000 of the agreed $500,000, Defendants now briefly claim that they "intend to enter evidence that Plaintiff was an EB-V Visa investor", and that this status renders him ineligible for repayment of his investment. Mot. to Set Aside at ¶ 9, ECF Nos. 18, 19, 20. Plaintiff correctly distinguishes between Defendants' stated intentions to adduce evidence and the actual presentation of evidence. Defendants have put forward no evidence at all that Plaintiff obtained an EB-V visa. On the contrary, Recital B of the Return of Capital and Release Agreement, which both CaerVision CEO Jack Zhang and Plaintiff signed, acknowledged that Plaintiff withdrew his EB-V visa application. (ECF No. 1, Exhibit A). Because Defendants have not adequately demonstrated that they possess a meritorious defense to Plaintiff's claims, they fail to meet the threshold

---

[4] Defendants do not support their arguments with affidavits or other evidentiary support. Their motions do not contain a single case citation.

requirements of a Rule 60(b) motion.[5] *See, e.g.*, *H&W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 253-54 (D. Md. 2000) (denying Defendant's Rule 60(b) motion to vacate a default judgment entered against him because his memoranda and affidavit revealed only "tenuous" potential defenses).

D. Defendants Have Failed to Demonstrate Excusable Neglect

Defendants argue that their failure to respond to Plaintiff's complaint resulted from "inadvertence" or "excusable neglect" pursuant to Rule 60(b)(1). Mot. to Set Aside at ¶ 3, ECF Nos. 18, 19, 20. Defendants complain that they were fielding other lawsuits and conducting a large product launch, and that those demands rendered the relevant principals "not readily available." Mot. to Set Aside at ¶ 5, ECF Nos. 18, 19, 20. These circumstances delayed Defendants' litigation pursuits in this case, they contend, causing them to miss the deadline to file responsive pleadings. Mot. to Set Aside at ¶ 6, ECF Nos. 18, 19, 20.

Failure to act with diligence does not constitute excusable neglect under Rule 60(b)(1). *Robinson v. Wix Filtration Corp, LLC*, 599 F.3d 403, 413 (4th Cir. 2010). When the moving party is at fault for the delay in filing, the judicial system's need for finality and efficiency dominates, and the party must adequately defend its conduct in order to show excusable neglect. *Augusta Fiberglass*, 843 F.2d at 811.

Here, Defendants' proffered excuses do not rise to the level of "inadvertence" or "excusable neglect" under Rule 60(b)(1). Like other unsuccessful Rule 60(b) movants, Defendants' failure to file on time was entirely their fault. *See Robinson*, 599 F.3d at 413 (finding attorney's failure to receive electronic notice of opponent's summary judgment

---

[5] Defendants' proposed Answer to Plaintiff's Complaint, discussed *supra*, recites sixteen affirmative defenses in the same conclusory manner. *See* Mot. to Set Aside, Ex. A, ECF No. 18-1.

motion was not excusable neglect because attorney failed to notify court about his computer problems); *In re A.H. Robins Co., Inc.*, No. 98-1893, 1998 WL 904717 (4th Cir. Dec. 29, 1998) (holding that litigant's failure to receive Court orders does not constitute excusable neglect because it was "her fault" that she did not inform the Court about her new address); *Park Corp. v. Lexington Insurance Co.*, 812. F2d 894, 896-897 (4th Cir. 1987) (deeming litigant's unexplained loss of summons and complaint inexcusable); *Ekweani v. Bd. of Educ.*, No. CCB–07–3432, 2009 WL 2578985, at *1-2 (D. Md. August 17, 2009) (explaining that plaintiff's failure to receive a Court order, causing her to narrowly miss a filing deadline and resulting in the dismissal of her claims with prejudice, did not amount to excusable neglect because she was "at least partly to blame."). Defendants have failed to demonstrate inadvertence or excusable neglect. Accordingly, their Motions to Set Aside this Court's entry of Default Judgment against them (ECF Nos. 18, 19, 20) are DENIED.

## CONCLUSION

For the reasons stated above, it is this 2nd day of June, 2016, ORDERED that:

1. CaerVision Corporation's Motion to Set Aside (ECF No. 18) is DENIED;

2. AA Medica, LLC's Motion to Set Aside (ECF No. 19) is DENIED;

3. CTCI, LLC's Motion to Set Aside (ECF No. 20) is DENIED; and

4. The Clerk of this Court transmit a copy of this Memorandum Order to Counsel.

                                                             _____/s/_____
                                                             Richard D. Bennett
                                                             United States District Judge